WEISS & PAARZ
The Executive Plaza
2600 New Road, Suite A, Northfield, NJ 08225
(609)641-8400
ATTORNEYS FOR PLAINTIFF

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL STRAIN,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA; CONSOLIDATED MAIL OUTPATIENT PHARMACY; M. BULLARD, RPH; MARY BULLARD, RPH; S. HAMILTON; JOHN DOE PHARMACISTS A-Z (fictitious names for unknown pharmacists); JOHN DOE PHYSICIANS A-Z fictitious names for unknown physicians); JOHN DOE MEDICAL PERSONNEL A-Z (fictitious names for unknown medical personnel); JOHN DOE EMPLOYERS A-Z (fictitious names for unknown employers) j/s/a,<br><br>　　　　　　　Defendants. | CIVIL ACTION NO:<br><br>COMPLAINT |

## PARTIES

1.　　Plaintiff, Michael Strain, residing at 601 U.S. 9, Lanoka Harbor, Ocean County, New Jersey.

2.　　Defendant, United States of America (hereinafter "USA") is the duly constituted and sovereign government of the United States of America.

3.　　Upon information and belief, defendant Consolidated Mail Outpatient Pharmacy (hereinafter defendant "CMOP") is an entity organized and existing under the laws of the USA and/or a State of the USA, which at all times relevant hereto, owned, operated, controlled, and maintained a pharmacy located at multiple locations in the USA.

4. Upon information and belief, defendant M. Bullard, RPH was a pharmacist licensed and/or registered to practice pharmacy in the State of New Jersey and at all relevant times was employed by defendant USA; CMOP; and/or defendant John Doe Employers A-Z (fictitious name for unknown employers).

5. Upon information and belief, defendant Mary Bullard, RPH was a pharmacist licensed and/or registered to practice pharmacy in the State of New Jersey and at all relevant times was employed by defendant USA; CMOP; and/or defendant John Doe Employers A-Z (fictitious name unknown employers).

6. Upon information and belief, defendant S. Hamilton was a pharmacist or other licensed and/or registered medical professional and at all relevant times was employed by defendant USA; CMOP; and/or defendant John Doe Employers A-Z (fictitious name for unknown employers).

7. Upon information and belief, the defendants, John Doe Pharmacists A-Z (fictitious name for unknown pharmacists), are any pharmacists who participated in any way in the plaintiff's care from 3/2/15 to 8/17/15.

8. Upon information and belief, the defendants, John Doe Physicians A-Z (fictitious name for unknown physicians), are any physicians who participated in any way in the plaintiff's care from 3/2/15 through 8/17/15.

9. Upon information and belief, the defendants, John Doe Medical Personnel A-Z (fictitious name for unknown medical personnel), are any nurses, physician assistants, technicians, or other medical personnel who participated in any way in plaintiff's care from 3/2/15 through 8/17/15.

10. Upon information and belief, the defendants, John Doe Employers A-Z (fictitious name for unknown employers), are citizens or corporations incorporated under the

laws of a State of the United States that employed any of the parties that participated in any way in the plaintiff's care from 3/2/15 through 8/17/15.

## FACTUAL BACKGROUND

11. On or about 3/2/15, plaintiff, Michael Strain, a 53-year-old man was under the care of the defendant, USA while treating with the Atlantic County Community Based Outpatient Clinic a/k/a Northfield VA Outpatient Clinic for manic bipolar disease.

12. On or about 3/2/15, plaintiff was prescribed 900 mg of Lithium twice a day.

13. On or about 3/2/15, defendant USA; defendant CMOP; Wilmington VA Medical Center; Wilmington VA Medical Center Outpatient Pharmacy; Atlantic County Community Based Outpatient Clinic a/k/a Northfield VA Outpatient Clinic; M. Bullard, RPH; Mary Bullard, RPH; and/or S. Hamilton issued to plaintiff medication bottles instructing him to take 1350 mg of Lithium twice a day.

14. For approximately 5 ½ months plaintiff took the Lithium as instructed on the medication bottles.

15. On 8/17/15, plaintiff was admitted to the hospital with confusion, ataxia, and difficulty speaking and swallowing.

16. Plaintiff was subsequently diagnosed with lithium toxicity.

## JURISDICTION AND VENUE

17. The claims herein are brought against Defendants pursuant to the Federal Tort Claims Act, 28 U.S.C.A. §1346(b), §2401(b) and §2671 et.seq. (also referred to as the Act).

18. Upon information and belief, defendant USA through its agency, the Department of Veterans Affairs, operates Wilmington VA Medical Center; Wilmington VA

Medical Center Outpatient Pharmacy; VA Health Administration; Atlantic County Community Based Outpatient Clinic a/k/a Northfield VA Outpatient Clinic; and/or Consolidated Mail Outpatient Pharmacy.

19. Upon information and belief, defendant USA and its employees and/or agents who provided care to plaintiff during the relevant period including but not limited to M. Bullard, RPH; Mary Bullard, RPH; and S. Hamilton were acting within the scope of their employment and/or agency at the time of the alleged events.

20. Upon information and belief, M. Bullard, RPH; Mary Bullard, RPH; and S. Hamilton have been deemed to be federal employees and/or agents acting within the scope of their employment at the time of the alleged events.

21. The United States District Court for the District of New Jersey has subject matter jurisdiction over this matter pursuant to 28 U.S.C.A. § 1346(b), in that this is a civil action on a claim against the United States for money damages for personal injury caused by the negligent act or wrongful act or omission of an employee of the Government while acting within the scope of his or her employment under circumstances where the United States if a private person would be liable to the claimant in accordance with the law of the place where the act or omission occurred. The Court also has supplemental jurisdiction pursuant to 28 U.S.C.A. § 1367 over any non-Federal Tort Claims Act claims related to the primary suit against the USA.

22. Plaintiff has complied with the jurisdictional prerequisite to bringing suit against the USA, pursuant to 28 U.S.C.A. § 1346 (b), 28 U.S.C.A. § 2401 (b), and 28 U.S.C.A. § 2675 with the timely filing of their administrative tort claim. To that end, on June 1, 2016, an administrative claim and an amended claim were filed on behalf of plaintiff, Michael Strain, with the Office of Chief Counsel of Veteran's Affairs. On December 6, 2016, Chief Counsel Michael G. Moreno of the Office of Chief Counsel of Veteran's Affairs

responded denying Michael Strain's claim. Consequently, plaintiff has exhausted his administrative remedies, which is a condition precedent to the filing of this action.

23.   Venue is conferred pursuant to 28 U.S.C.A. § 1402 (b) and is appropriate in the United States District Court for the District of New Jersey in as much as plaintiff is a resident of the State of New Jersey and a "substantial part of the events or omissions giving rise to the claim" occurred in New Jersey. Venue is further conferred in the Trenton vicinage because plaintiff's county of vicinage Ocean County which is included in the Trenton vicinage.

## FIRST COUNT

24.   At all times material hereto, the USA funded, owned, operated, managed, and/or controlled the healthcare delivered by and through their actual and/or ostensible agents, principals, servants, contractors, and representatives which include federal employees and non-federal employees working on joint ventures or cooperative agreements in support of or on behalf of the USA among which were, Wilmington VA Medical Center; Wilmington VA Medical Center Outpatient Pharmacy; Atlantic County Community Based Outpatient Clinic a/k/a Northfield VA Outpatient Clinic; Consolidated Outpatient Pharmacy; VA Health Administration; M. Bullard, RPH; Mary Bullard, RPH; S. Hamilton; John Doe Pharmacists A-Z; John Doe Physicians A-Z; John Doe Medical Personnel A-Z; John Doe Employers A-Z; and those other health care providers whose names and chart entries appear in the USA's medical records and who were acting within the course and scope of their business and/or employment relationship with the USA in providing care and treatment to plaintiff, Michael Strain.

25.   At all times material hereto, the USA acted by and through their respective actual and/or ostensible agents, principals, servants, contractors, and representatives

which include federal employees and non-federal employees working on joint ventures or cooperative agreements in support of or on behalf of the USA among which were, Wilmington VA Medical Center; Wilmington VA Medical Center Outpatient Pharmacy; Atlantic County Community Based Outpatient Clinic a/k/a Northfield VA Outpatient Clinic; Consolidated Mail Outpatient Pharmacy; VA Health Administration; M. Bullard, RPH; Mary Bullard, RPH; S. Hamilton; John Doe Pharmacists A-Z; John Doe Physicians A-Z; John Doe Medical Personnel A-Z; John Doe Employers A-Z; and those other health care providers whose names and chart entries appear in the USA's medical records, and who were acting within the course and scope of their business and/or employment relationship with the USA.

26. In light of the above-described business and/or employment relationships, the USA is bound by and vicariously liable for the actions and omissions of their actual and/or ostensible agents, principals, servants, contractors, and representatives which include federal employees and non-federal employees working on joint ventures or cooperative agreements in support of or on behalf of the USA among which were, Wilmington VA Medical Center; Wilmington VA Medical Center Outpatient Pharmacy; Atlantic County Community Based Outpatient Clinic a/k/a Northfield VA Outpatient Clinic; Consolidated Mail Outpatient Pharmacy; VA Health Administration; M. Bullard, RPH; Mary Bullard, RPH; S. Hamilton; John Doe Pharmacists A-Z; John Doe Physicians A-Z; John Doe Medical Personnel A-Z; John Doe Employers A-Z; and those other health care providers whose names and chart entries appear in the USA's medical records, and who were acting within the course and scope of their business and/or employment relationship with the USA.

27. At all times material hereto the USA funded, owned, operated, managed and controlled Wilmington VA Medical Center; Wilmington VA Medical Center Outpatient

Pharmacy; VA Health Administration; Atlantic County Community Based Outpatient Clinic a/k/a Northfield VA Outpatient Clinic; and Consolidated Outpatient Pharmacy facilities authorized and licensed to provide pharmacological and other medical services to veterans in general and to Michael Strain in particular, and the USA held out Wilmington VA Medical Center; Wilmington VA Medical Center Outpatient Pharmacy; Atlantic County Community Based Outpatient Clinic a/k/a Northfield VA Outpatient Clinic; and Consolidated Mail Outpatient Pharmacy as a health care facilities competent to provide these services.

28. At all times material hereto, Michael Strain looked to the USA and/or its actual and/or ostensible agents, principals, servants, contractors, and representatives which include federal employees and non-federal employees working on joint ventures or cooperative agreements in support of or on behalf of the USA among which were Wilmington VA Medical Center; Wilmington VA Medical Center Outpatient Pharmacy; Atlantic County Community Based Outpatient Clinic a/k/a Northfield VA Outpatient Clinic; Consolidated Mail Outpatient Pharmacy; VA Health Administration; M. Bullard, RPH; Mary Bullard, RPH; S. Hamilton; John Doe Pharmacists A-Z; John Doe Physicians A-Z; John Doe Medical Personnel A-Z; John Doe Employers A-Z; and those other health care providers whose names and chart entries appear in the USA's medical records, to provide medical care and treatment to him in a reasonable, prompt, proper, adequate, and appropriate manner.

29. The USA's respective actual and/or ostensible agents, principals, servants, contractors, and representatives which include federal employees and non-federal employees working on joint ventures or cooperative agreements in support of or on behalf of the USA among which were, Wilmington VA Medical Center; Wilmington VA Medical Center Outpatient Pharmacy; Atlantic County Community Based Outpatient Clinic a/k/a

Northfield VA Outpatient Clinic; VA Health Administration; M. Bullard, RPH; Mary Bullard, RPH; S. Hamilton; John Doe Pharmacists A-Z; John Doe Physicians A-Z; John Doe Medical Personnel A-Z; John Doe Employers A-Z; and those other health care providers whose names and chart entries appear in the USA's medical records while acting within the scope of their employment were negligent in their care and treatment of plaintiff and/or deviated from applicable standards of care in such ways as discovery may reveal.

30. The USA acting by and through their respective actual and/or ostensible agents, principals, servants, contractors, and representatives which include federal employees and non-federal employees working on joint ventures or cooperative agreements in support of or on behalf of the USA among which were, Wilmington VA Medical Center; Wilmington VA Medical Center Outpatient Pharmacy; Atlantic County Community Based Outpatient Clinic a/k/a Northfield VA Outpatient Clinic; Consolidated Mail Outpatient Pharmacy; M. Bullard, RPH; Mary Bullard, RPH; S. Hamilton; John Doe Pharmacists A-Z; John Doe Physicians A-Z; John Doe Medical Personnel A-Z; John Doe Employers A-Z; and those other health care providers whose names and chart entries appear in the USA's medical records was negligent in its care and treatment of plaintiff and/or deviated from applicable standards of care in such ways as discovery may reveal.

31. The USA acting by and through their respective actual and/or ostensible agents, principals, servants, contractors, and representatives which include federal employees and non-federal employees working on joint ventures or cooperative agreements in support of or on behalf of the USA among which were, Wilmington VA Medical Center; Wilmington VA Medical Center Outpatient Pharmacy; Atlantic County Community Based Outpatient Clinic a/k/a Northfield VA Outpatient Clinic; Consolidated Mail Outpatient Pharmacy; VA Health Administration; M. Bullard, RPH; Mary Bullard, RPH; S. Hamilton, John Doe Pharmacists A-Z; John Doe Physicians A-Z; John Doe

Medical Personnel A-Z; John Doe Employers A-Z; and those other health care providers whose names and chart entries appear in the USA's medical records did not advise plaintiff of all of the risks and consequences associated with the recommended course of treatment or the medically accepted alternatives to the recommended course of treatment.

32. The USA acting by and through their respective actual and/or ostensible agents, principals, servants, contractors, and representatives which include federal employees and non-federal employees working on joint ventures or cooperative agreements in support of or on behalf of the USA among which were, Wilmington VA Medical Center; Wilmington VA Medical Center Outpatient Pharmacy; Atlantic County Community Based Outpatient Clinic a/k/a Northfield VA Outpatient Clinic; Consolidated Mail Outpatient Pharmacy; VA Health Administration; M. Bullard, RPH; Mary Bullard, RPH; S. Hamilton; John Doe Pharmacists A-Z; John Doe Physicians A-Z; John Doe Medical Personnel A-Z; John Doe Employers A-Z; and those other health care providers whose names and chart entries appear in the USA's medical records was negligent in failing to provide plaintiff with information that a prudent patient in plaintiff's position would deem material in deciding to undergo the recommended treatment.

33. A prudent patient in plaintiff's position, being properly informed of the risks of the medical treatment and its medically acceptable alternatives, would have declined the course of treatment undertaken by defendant USA acting by and through their respective actual and/or ostensible agents, principals, servants, contractors, and representatives which include federal employees and non-federal employees working on joint ventures or cooperative agreements in support of or on behalf of the USA among which were, Wilmington VA Medical Center; Wilmington VA Medical Center Outpatient Pharmacy; VA Health Administration; Atlantic County Community Based Outpatient Clinic

a/k/a Northfield VA Outpatient Clinic; Consolidated Mail Outpatient Pharmacy; M. Bullard, RPH; Mary Bullard, RPH; S. Hamilton; John Doe Pharmacists A-Z; John Doe Physicians A-Z; John Doe Medical Personnel A-Z; John Doe Employers A-Z; and those other health care providers whose names and chart entries appear in the USA's medical records

34. The above said deviations and negligence were a proximate cause of severe and permanent neurological damage to plaintiff and/or substantially increased his risk of same, as well as causing him to incur losses, damages, and expenses with respect thereto.

**WHEREFORE**, plaintiff demands judgment against defendant USA, Consolidated Mail Outpatient Pharmacy; M. Bullard, RPH; Mary Bullard, RPH; S. Hamilton; John Doe Pharmacists A-Z; John Doe Physicians A-Z; John Doe Medical Personnel A-Z; John Doe Employers A-Z; jointly, severally, or in the alternative for damages, losses, and expenses together with interest and costs of suit.

## SECOND COUNT

35. Plaintiff repeats the allegations of paragraphs 1 through 39 as if set forth herein in length.

36. Defendants M. Bullard, RPH; Mary Bullard, RPH; S. Hamilton; John Doe Pharmacists A-Z; John Doe Physicians A-Z; and John Doe Medical Personnel A-Z deviated from accepted standards of care with respect to any medical services provided to the plaintiff in such ways as discovery may reveal.

37. Defendants M. Bullard, RPH; Mary Bullard, RPH; S. Hamilton; John Doe Pharmacists A-Z; John Doe Physicians A-Z; and John Doe Medical Personnel A-Z were negligent in failing to provide the plaintiff with information that a prudent person in their position would deem material in deciding which acceptable treatment alternative to either accept or reject.

38. A prudent patient in the position of the plaintiff being properly informed of the risks of the recommended medical treatment and its medically accepted alternatives would have declined the course of treatment undertaken by defendants M. Bullard, RPH; Mary Bullard, RPH; S. Hamilton; John Doe Pharmacists A-Z; John Doe Physicians A-Z; and John Doe Medical Personnel A-Z and would have chosen a different treatment alternative.

39. As a result, defendants M. Bullard, RPH; Mary Bullard, RPH; S. Hamilton; John Doe Pharmacists A-Z; John Doe Physicians A-Z; and John Doe Medical Personnel negligence and/or failure of to provide adequate informed consent, plaintiff suffered severe and permanent neurological damage and/or substantially increased his risk of same, as well as causing him to incur losses, damages, and expenses with respect thereto.

40. Defendants M. Bullard, RPH; Mary Bullard, RPH; S. Hamilton; John Doe Pharmacists A-Z; John Doe Physicians A-Z; and John Doe Medical Personnel acted at all times in their treatment of the plaintiff as the agent, servant and/or employee, actual or apparent, of defendant John Doe Employers A-Z.

41. During all relevant time periods, due to the circumstances under which treatment was provided by defendants M. Bullard, RPH; Mary Bullard, RPH; S. Hamilton; John Doe Pharmacists A-Z; John Doe Physicians A-Z; and John Doe Medical Personnel A-Z, John Doe Employers A-Z is liable for the negligent actions of said defendants under the doctrine of actual or apparent authority and/or respondeat superior, regardless of whether or not an actual employer-employee relationship existed.

**WHEREFORE**, plaintiff demands judgment against defendants M. Bullard, RPH; Mary Bullard, RPH; S. Hamilton; John Doe Pharmacists A-Z; John Doe Physicians A-Z; John Doe Medical Personnel; and John Doe Employers A-Z; jointly severally, or in the alternative for damages, losses, and expenses together with interest and costs of suit.

### THIRD COUNT

42. Plaintiff repeats the allegations of paragraphs 1 through 41 as if set forth herein at length.

43. Plaintiff alleged that an insufficient time has passed within which to determine the true identity of these individuals, or alternatively, that said information will not become available to plaintiff until litigation is commenced. For the purposes of the within Complaint, said individuals and business entities have been designated as Defendants John Doe Pharmacists A-Z (fictitious name for unknown pharmacists) John Doe Physicians A-Z (fictitious name for unknown physicians); John Doe Medical Personnel A-Z (fictitious name for unknown medical personnel); and John Doe Medical Employers A-Z (fictitious name for unknown employers).

44. Plaintiff reserves the right to amend the within Complaint to add additional defendants when and if the identity of said individuals or business entities becomes know.

**WHEREFORE**, plaintiff demands judgment against defendants John Doe Pharmacists A-Z (fictitious name for unknown pharmacists); John Doe Physicians A-Z (fictitious name for unknown physicians); John Doe Medical Personnel A-Z (fictitious name for unknown medical personnel); and John Doe Employers A-Z (fictitious name for unknown employers) jointly, severally, or in the alternative for damages, losses, and expenses together with interest and costs of suit.

### FOURTH COUNT

45. Plaintiff repeats the allegations of paragraphs 1 through 47 as if set forth herein at length.

**WHEREFORE**, plaintiff demands judgment against defendants USA; Consolidated Mail Outpatient Pharmacy; M. Bullard RPH; Mary Bullard, RPH; S. Hamilton; John Doe Pharmacists A-Z (fictitious name for unknown pharmacists); John Doe Physicians A-Z (fictitious name for unknown physicians); John Doe Medical Personnel A-Z (fictitious name for unknown medical personnel); and John Doe Medical Employers (fictitious name

for unknown employers) jointly, severally, and in the alternative for damages, losses, and expenses together with interest and costs of suit.

**WEISS & PAARZ**
Attorneys for Plaintiff(s)

By: s/ Pamela Brown-Jones
    PAMELA BROWN-JONES, ESQ.

Dated: 12/27/16